# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH HADDOCK, # 12-04574 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-2762 |
| MONTGOMERY COUNTY CORRECTIONAL FACILITY, and WARDEN, MONTGOMERY COUNTY CORRECTIONAL FACILITY. | * * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Keith Haddock ("Haddock"), a self-represented litigant, claims in this complaint filed under 42 U.S.C. § 1983 that he received constitutionally inadequate medical care at the Montgomery County Correctional Facility. Haddock claims: 1) was refused medication for diabetes several times by medical and/or corrections staff; 2) he was placed on an diet improper for diabetics; and 3) doctor-client confidentiality was breached. (ECF No. 1). Defendants, the Montgomery County Correctional Facility ("MCCF") and Warden Green, through counsel, have filed a Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 12), which Haddock opposes. (ECF Nos. 18 and 20). The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md.2011). For reasons to follow, Defendants 'Motion to Dismiss (ECF No. 12) will be granted.

## BACKGROUND

Haddock, a pre-trial detainee at MCCF at the time he filed this complaint on September 17, 2012, avers that "Correctional Officers have refused to send me to medical to get my medication (insulin) and medical staff have refused to treat me." (ECF No. 1 at 4-5).

Additionally, he alleges "I have been put on a diet tray by medical staff that Im [sic] positive does not fit the criteria for my diabeties [sic]" and that "[the] medication that I am being given is not what I was taking when I was out and does not at all balance the food that's given." (ECF No. 1 at 4).[1]  He posits his sugars are "out of control." (ECF No. 1 at 4-5).  Lastly, he claims doctor-patient confidentiality law has been "broken and violated" by unnamed corrections officer who "[o]n several occasions" announced to his housing unit that he is a diabetic by announcing "diabetic call" when Haddock was called to get his insulin.  (ECF No. 1 at 5).  Haddock states corrections officers have made "derogative comments to me amongst other inmates about my condition."  (ECF No. 1 at 5).  He does not identify the guards, specify the contents of the remarks, or state when these comments were made.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be

---

[1] Haddock does not name medical providers as defendants, but asserts he "blacked out" and has suffered vision problems due to irregular administration of insulin. (ECF No. 20).  If he intends to pursue claims of inadequate medical care against prison medical providers, he may do so in a separate complaint.  He will be sent a § 1983 information and forms packet. The court expresses no opinion as to the merits of bringing such an action.

alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). *Twombly* set forth "[t]wo working principles" for reviewing Rule 12(b)(6) motions to dismiss. *See Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *See id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id*. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id*. at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Comanies*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim." (internal quotation marks and citation omitted)). A court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *See Iqbal*, 556 U.S. at 664.

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Haddock references the Fourth, Fifth, and Eighth [2] Amendments of the United States Constitution in support of his claims.

## A. MCCF

As a threshold matter, the court notes that MCCF is not a "person" subject to suit under 42 U.S.C. § 1983. *See e.g. Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Powell v. Cook County Jail,* 814 F.Supp. 757 (N.D.Ill.1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons,* 856 F.Supp. 832, 836 (S.D.N.Y.1994*)* (*"*jail is not an entity that is amenable to suit").

Further, counsel argues MCCF is not amenable to suit because it is a correctional facility owned and operated by Montgomery County. No provisions in any statute or regulation empower the MCCF to sue or be sued in its own right as a subordinate agency of Montgomery County Maryland. *See Bourexis v. Carroll County Narcotics Task Force*, 96 Md. App. 459, 467-68 (1983) (ruling the Carroll County Narcotics Task Force is not an entity subject to suit). In sum, MCCF has no capacity to sue or be sued and the claims against it will be dismissed.[3]

---

[2] A pretrial detainee's claims relating to an alleged denial of medical care are governed by the Fourteenth Amendment, which prohibits treatment so severe that it amounts to "punishment." The constitutional protections afforded a pretrial detainee under the Fourteenth Amendment are coextensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Belcher v. Oliver*, 898 F. d 32, 34 (4th Cir. 1990). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).

[3] Even if this claim were treated as one against Montgomery County, Haddock does not identify an unconstitutional county policy, custom, or procedure resulted in alleged injury to him. *See Monell v. Department of Social Services of NYC,* 436 U.S. 658 (1978).

**B. Warden Green**

Although Haddock's supplemental filings list the names of several medical providers and corrections officers, he fails to attribute specific conduct to these individuals or particularize why their alleged actions violated his federal constitutional rights. Haddock complains he has "written letters to the warden about the grievances and has not received answers" (ECF No. 1 at 2), but does not claim Warden Green personally participated in the alleged constitutional deprivations.

To the extent Haddock complains that Green is subject to liability under 42 U.S.C. § 1983 based upon a prison grievance process, the court finds no constitutional claim. Haddock has no constitutional right to an administrative remedy or grievance process. *See Adams v. Rice*, 40 F.3d 72,75 (4th Cir.1994). Further, he has failed to show damages or injury from the alleged handling of his grievances.

In addition, liability under § 1983 extends only to persons who are personally involved in depriving others of their constitutional rights. *See Rizzo v. Goode*, 4213 U.S, 362, 377 (1976). The doctrine of respondeat superior[4] does not apply in § 1983 claims. *See Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Supervisory liability "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct

---

[4] Respondeat superior is a legal doctrine whereby an employer may be held responsible for its employees.

that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994). Haddock's generally stated allegations fail to meet this standard. Consequently, the court will dismiss the claims against Green.

### C. Breach of Confidentiality

As noted, to state a cause of action under § 1983, a plaintiff must allege a violation of federal constitutional right or law. There is no federal law or constitutional right to doctor-patient confidentiality. Correctional guards are not doctors and inmates are not their patients. In any event, Haddock fails to attribute the conduct to specific officers and fails to allege that he suffered any resulting injury. It bears noting that the Supreme Court has recognized that "imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). Even for detainees, loss of privacy is an "inherent incident [ ] of confinement." *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). Accordingly the complaint will be dismissed.

### CONCLUSION

For these reasons, the court will grant defendants' motion to dismiss by separate order to follow.

June 11, 2013                   /s/
Date                               J. Frederick Motz
                                     United States District Judge